**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LAIRD SUPERFOOD, INC., a Nevada
corporation, d/b/a WWW.LAIRDSUPERFOOD.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUIS LICEA, individually and on behalf of all
others similarly situated,

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br><br>2/11/2026 8:28:33 PM<br><br>Clerk of the Superior Court<br>By T. Cutts          ,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 W. Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**26CU008462C** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660          Phone No.: (949) 706-6464

**DATE:** 02/18/2026          Clerk, by _T. Cutts_ , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]          **SUMMONS**          Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 202091 | FOR COURT USE ONLY |
|---|---|---|

NAME: Scott J. Ferrell

FIRM NAME: PACIFIC TRIAL ATTORNEYS, APC

STREET ADDRESS: 4100 Newport Place Drive, Suite 800

CITY: Newport Beach    STATE: CA    ZIP CODE: 92660

TELEPHONE NO.: 949-706-6464    FAX NO.:

EMAIL ADDRESS: sferrell@pacifictrialattorneys.com

ATTORNEY FOR (name): Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

2/11/2026 8:28:33 PM

Clerk of the Superior Court
By T. Cutts        ,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS: 330 W. Broadway

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME:

CASE NAME: Licea, et al. v. Laird Superfood, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ **Unlimited** | ☐ **Limited** | ☐ Counter    ☐ Joinder | | 26CU008462C |
| (Amount demanded exceeds $35,000) | (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Katherine A. Bacal    DEPT.: 63 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Asbestos**
☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/Unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Employment Development Department (EDD)**
☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
✓ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Comprehensive groundwater adjudication (47)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3



CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court?    ☑ Yes    ☐ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☑ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):

a. ☑ monetary

b. ☑ nonmonetary; declaratory or injunctive relief

c. ☑ punitive

4. Number of causes of action (specify): Three (3)

5. Is this case a class action suit?    ☑ Yes    ☐ No

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 11, 2026

Scott J. Ferrell
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Rev. January 1, 2026

**Civil Case Cover Sheet**

**CM-010**, Page 3 of 3

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Proposed Class

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

2/11/2026 8:28:33 PM

Clerk of the Superior Court
By T. Cutts            ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

LUIS LICEA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LAIRD SUPERFOOD, INC., a Nevada corporation, d/b/a WWW.LAIRDSUPERFOOD.COM,

Defendant.

Case No.:    26CU008462C

**CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF CONSUMERS LEGAL REMEDIES ACT, CAL. CIVIL CODE § 1750 *ET SEQ.*; (2) VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*; AND (3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.***

Plaintiff Luis Licea ("Plaintiff") alleges as follows:

### I.    NATURE OF ACTION

1.    Plaintiff brings this action after purchasing an automatically renewing paid subscription at www.lairdsuperfood.com (the "Website"), which caused Plaintiff to incur unlawful charges from Defendant related to an automatic renewal or continuous service. Defendant made unlawful automatic renewal and/or continuous service offers to consumers in California in violation of California's Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code § 17600 *et seq.*, by: (1) failing to provide "clear and conspicuous" disclosures mandated by California law; and (2) failing to provide an acknowledgment to consumers that includes the automatic renewal or continuous service offer terms, the cancellation policy, and information regarding how to cancel in a manner that is capable of being

- 1 -

retained by the consumer. The ARL imposed a statutory duty upon Defendant to disclose such information to consumers who purchased subscriptions from Defendant or entered into continuous service agreements with Defendant. The foregoing violations of the ARL by Defendant likewise constitute violations of California's Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750 *et seq*, California's Unfair Competition Law (the "UCL"), California's False Advertising Law (the "FAL"), California Business & Professions Code § 17500 *et seq*., and California's Unfair Competition Law (the "UCL"), California Business & Professions Code § 17200 *et seq*.

2.     Plaintiff seeks to enjoin Defendant from the ongoing violations of California law, as well as seeks damages, punitive damages, restitution, and reasonable attorneys' fees and costs.

## II.     JURISDICTION AND VENUE

3.     Plaintiff is and was at all times mentioned herein a citizen of the State of California.

4.     Plaintiff is informed and believes and based thereon alleges that Defendant is a corporation incorporated under the laws of the State of Nevada having its principal place of business in the State of Colorado.

5.     Defendant is an online retailer that sells products nationwide and in California. Defendant has substantial contacts with and receives substantial benefits and income from and through the state of California. Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California. Defendant operates the Website, which markets and sells protein products and other healthy items.

6.     Defendant engaged in intentional acts by operating its Website and making it available to California residents, deceptively advertising its products via its Website to California residents including Plaintiff, expressly aiming its conduct toward California residents by conducting substantial business with residents of the State of California via its Website, and causing economic harm to California residents that Defendant knew would be likely to be suffered in California. Plaintiff is informed and believes and thereon alleges that Defendant generates a minimum of eight percent of its revenues from its Website based upon interactions with Californians, such that the Website "is the equivalent of a physical store in California." *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020), *review denied*, No. S264780 (Dec. 9, 2020). Plaintiff is informed and believes

- 2 -

and thereon alleges that Defendant sells products to Plaintiff and other California residents as part of its regular course of business.  Plaintiff is informed and believes and thereon alleges that Defendant sells thousands of products to California residents each year.  Plaintiff is informed and believes and thereon alleges that Defendant exercises at least some level of control over the ultimate distribution of its products sold via its Website to the end consumer including products shipped into California.

7.    Venue is proper in this County because many class members were injured in this County and because Defendant is not a citizen or resident of California.

### III.    FACTUAL ALLEGATIONS

**A.    The Automatic Renewal Law, Cal. Business & Prof. Code §§ 17600-17606**

8.    On December 1, 2010, the Automatic Renewal Law ("ARL") at sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect.  The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service.  *See* Cal. Bus. & Prof. Code § 17600.

9.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

(2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

- 3 -

10.     Cal. Bus. & Prof. Code § 17601(a)(1) defines the term "Automatic renewal" as a "plan, arrangement, or provision of a contract that contains a free-to0pay conversion or in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

11.     Cal. Bus. & Prof. Code § 17601(a)(2) requires that all "Automatic renewal offer terms" and "continuous service offer terms" contain the following "clear and conspicuous" disclosures: (A) "That the subscription or purchasing agreement will continue until the consumer cancels. (B) The description of the cancellation policy that applies to the offer. (C) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (D) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (E) The minimum purchase obligation, if any."

12.     Pursuant to Cal. Bus. & Prof. Code § 17601(a)(3), "[c]lear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

13.     Cal. Bus. & Prof. Code § 17602(c)(1) provides: "A business that makes an automatic renewal offer or continuous service offer shall provide a toll-free telephone number, email address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

14.     Cal. Bus. & Prof. Code § 17603 provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not limited to,

- 4 -

bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**B.      Defendant's Pre-Transaction Violations of the ARL**

15.     Defendant offers through the Website various subscriptions for products to consumers. Defendant's offerings constitute an "automatic renewal" because such offerings comprise of plans, arrangements, or provisions of a contract that contains a free-to-pay conversion or in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term for the purposes of Cal. Bus. & Prof. Code § 17601(a)(1).

16.     At relevant times, an example of Defendant's plan presented on its Website is as follows:



https://lairdsuperfood.com/collections/snacks-food/products/peanut-butter-protein-bar (last visited Jan. 24, 2026).

17.     At relevant times, Defendant's final checkout page in its order flow process is presented on its Website as follows:

- 5 -



https://lairdsuperfood.com/checkouts/cn/hWN7z8C4tc95IxEDbnAoi9ly/en-us?_r=AQABSmHkdxmGGyyZZ1XW1PLlju24PT_KiT-wdMe7fVWeSek&skip_shop_pay=true&checkout_queue_token=A9cAGFKP-2lDzWnrPYQF_uOVGDVygGxX7CgxwRgIDtYOgUkTFdQs6FHLD6BMMUDyQ7nV17avHDeIl-jAZckTOeqnDFZgDV5dtADKKaBmzOIjDJNWpPDOClUqvsk3it6Ocvk3xBg%3D&shop_pay_checkout_as_guest=true (last visited Jan. 24, 2026).

18.    Defendant's final checkout page presented to consumers violates the ARL. In particular, such page violates Section 17602(a)(1) by failing to describe the "cancellation policy that applies to the offer" as set forth in section 17601(a)(2)(B) via "clear and conspicuous" disclosures in compliance with section 17601(a)(3) by failing to include the automatic renewal offer terms and continuous service offer

- 6 -

terms in a "clear and conspicuous" manner, *i.e.*, with "larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

19.    Although Defendant's checkout page sets forth its purported automatic renewal offer terms and continuous service offer terms above a large "Payment" header, Plaintiff's investigation has determined that such textual disclosure statements are in a comparatively small 10.5 point type size in the Arial font in a gray color against a white background.

20.    Although Defendant's textual disclosure statement contains a hyperlink named "cancellation policy," with an underline beneath it, all such text is in a light gray color including the name of the hyperlink as well as the underline beneath such hyperlink making such hyperlink difficult to distinguish from the surrounding text.

21.    Other elements on that same checkout webpage are in comparatively larger size such as the "Pay now" button and text that is 16 point type size including a "Payment" heading.  Such other elements direct the user's attention everywhere else besides the Website's textual disclosure statement on its final checkout page. *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022) (determining that "comparatively larger font used in all of the surrounding text naturally directs the user's attention everywhere else"); *Dawson v. Target Corp.*, 2025 WL 1651940, at *3 (N.D. Cal. June 11, 2025) (finding screenflows failed to provide reasonable notice of defendant's hyperlinked terms and preceding disclaimers because of "overwhelming inconspicuousness created by its small font size and placement that otherwise causes the Terms & Conditions to blend into the screen"); *Strehl v. Guitar Center, Inc.*, 2023 WL 9700041, at *7 (C.D. Cal. Nov. 3, 2023) (Kronstadt, J.) (noting that textual disclosure statement on final order flow webpage "is in a smaller font" "relative to" other text on same webpage and "Complete Order" button intended to manifest user's assent); *Farmer v. Barkbox, Inc.*, 2023 WL 8522984, at *2 (C.D. Cal. Oct. 6, 2023) (Sykes, J.) (holding that website design did not satisfy objective reasonableness standard because textual disclosure notice was "printed small" "with other graphics and text more likely to attract the user's attention"); *Chabolla v. ClassPass, Inc.*, 2023 WL 4544598, at *4 n.3 (N.D. Cal. June 22, 2023) (denying motion to compel arbitration in sign-in wrap agreement even where terms were hyperlinked in blue font because "this [color] alone does not make

- 7 -

the text notice of the Terms conspicuous in light of the other deficits identified" such as the tiny font size), *aff'd*, 129 F.4th 1147, 1154 (9th Cir. 2025).

22.    Although the "cancellation policy" hyperlink, if clicked, takes the user to a window that describes a portion of Defendant's cancellation policy, such window fails to describe such policy sufficiently in a manner that would allow a user to easily cancel the user's subscription.  For example, such window states in relevant part, "If you want to cancel or change your subscription, you can do it at any time. Your order confirmation emails have links to your order. You can manage your subscription from there."  Defendant's Website sets forth in a different location a similarly condensed version of its cancellation policy.  That is, on its FAQ webpage, Defendant informs its users:

"If you'd prefer to cancel your subscription online, you can login on your desktop computer or phone and follow the steps below:

On your account dashboard, click "Manage Subscriptions" on the right-hand side of the screen. This will lead you to your subscription delivery schedule:

On your subscription delivery page, there will be a button on the right side to "Manage Subscriptions":

Under each item in your subscription, there is a button that says "Manage this subscription". Click the coordinating button to the subscription item that you're trying to cancel:

On the next screen, you'll be given the option to "Reschedule" or "Skip" your next subscription order of that item:

Scroll down to the bottom of the menu and you'll see a button to "Cancel subscription":

Once you select a reason for cancellation, you'll be given the opportunity to tell us a little more about why you want to cancel in the text field. When you're ready, click "Next" and then once you decline a discount code on the next screen by clicking "No thanks - cancel subscription" your subscription will be fully cancelled!"

https://support.lairdsuperfood.com/hc/en-us/articles/11112123920525-How-do-I-cancel-my-subscription (last visited Jan. 4, 2026).

CLASS ACTION COMPLAINT

23.    The foregoing irrefutably demonstrates that the "cancellation policy" hyperlink below the large "Pay now" button is missing critical information regarding how users can cancel their subscriptions via the Website.

24.    In short, Defendant fails to properly present consumers with its automatic renewal offers or continuous service offer terms prior to a consumer completing a purchase.

**C.    Defendant's Post-Transaction Violations of the ARL**

25.    Defendant similarly violated the ARL by failing to provide to consumers the post-transaction acknowledgement required by section 17602(a)(3).  An excerpt of such post-transaction email from Defendant is as follows:

- 9 -

**Order Details**

Order #51738457
November 13, 2025

 Peanut Butter Protein Bar (10pck) - 10 Pack
10 Pack
Quantity: 1
Price: $20.00

**Subtotal:** $20.00
**Total:** $28.95

**Your Information**

**Shipping Info**
Luis Licea
12993 Rocky Trail Way
Victorville, California 92395
United States

**Billing Info**
Luis Licea
12993 Rocky Trail Way
Victorville, California 92395
United States

**Check out these products we know you'll love!**



Battery Frother with Case
Shop Now

Bag Clip with Scoop
Shop Now

**HAVE ANY QUESTIONS?**

We're here to help.

CONTACT US

26.    Defendant violates the following sections with its post transaction email to consumers:

(1)   Section 17602(a)(3) by failing to "provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and

- 10 -

information regarding how to cancel in a manner that is capable of being retained by the consumer"; and

(2)    (2) Section 17602(c)(1) by failing to provide "a toll-free telephone number, email address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

**D.    Plaintiff's Transaction on the Website and Subsequent Recurring Charges**

27.    On October 14, 2025, Plaintiff purchased "Peanut Butter Protein Bars" (the "Product") from Defendant via the Website at a price of $21.15.  On November 13, 2025, Plaintiff's credit card account was charged by Defendant for $28.95 for the Product as part of a recurring monthly charge. After discovering such second charge to Plaintiff's credit card account by Defendant, Plaintiff cancelled the subscription shortly thereafter.

**E.    Plaintiff's Legal Remedy Is an Inadequate Remedy at Law**

28.    Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because Plaintiff has no adequate remedy at law.  *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 n.9 (C.D. Cal. 2021) (Olguin, J.) (holding that alternative pleading at the pleading stage is acceptable) (citing cases).

29.    A legal remedy is not adequate if it is not as certain as an equitable remedy.  *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021) (holding that "plaintiff has sufficiently established at this stage that she lacks an adequate remedy at law with respect to her claims for equitable relief" because "the court is persuaded that" "her allegations sufficiently plead that 'restitution under the CLRA or UCL would be more certain, prompt, or efficient' than the monetary damages she seeks, but may ultimately not attain").  In particular, the elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claim under the CLRA.  *See Ostrovskaya v. St. John Knits, Inc.*, 2022 WL 2102895, at *5 (C.D. Cal. Mar. 31, 2022) (Gee, J.) ("The FAL and the UCL provide for only restitutionary and injunctive relief, whereas the CLRA also provides for monetary

damages. In many cases, liability under the three statutes will involve the same facts and elements. But here, Plaintiff predicates her FAL claim largely on a specific statutory provision…. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while still being unable to convince a jury of the more subjective claim that 'members of the public are likely to be deceived,' and therefore fail with respect to her CLRA claim. Plaintiffs alleges as much in her pleading. Thus, she has shown how restitution—her only available remedy under the FAL—'would be more certain, prompt, or efficient than the legal remedies' available under the CLRA.") (internal citations omitted); *Farmer v. BarkBox, Inc.*, 2023 WL 8522984, at *6 (C.D. Cal. Oct. 6, 2023) ("Plaintiff's CLRA claim includes more 'stringent elements' than her UCL claim, such that she may demonstrate her right to restitution under the UCL but fall short of establishing her right to damages under the CLRA.").

30. For example, Plaintiff's claims under the UCL and FAL (equitable claims seeking restitution) are predicated on specific statutory provisions under the ARL, which prohibit the failure to include certain clear and conspicuous disclosures about automatic renewal offer terms including cancellation policy before and after a transaction for such purchase occurs. (Cal. Bus. & Prof. Code § 17602(a)(1) & (3).) Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the UCL and FAL, while not being able to prove one or more elements of Plaintiff's legal claim under the CLRA seeking damages governed by the reasonable consumer test.

31. Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiff faces. Only an injunction can remedy this threat of future harm. Plaintiff would purchase either the product or other products from Defendant again in the future if Plaintiff could feel sure that Defendant's checkout flow screens accurately reflected the true nature of Defendant's offers. But, without an injunction, Plaintiff has no realistic way to know which—if any—of Defendant's offers are not misleading especially whether such offers include all material facts or omit some of them. Thus, Plaintiff is unable to rely on Defendant's checkout flow screens in the future, and so Plaintiff cannot purchase products that Plaintiff would like to purchase.

## IV.    CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of all persons similarly situated, and seeks certification of the following class:

- 12 -

All persons who, while in California, purchased any product or service from Defendant's Website in response to an offer constituting an "Automatic renewal" as defined by § 17601(a)(1) of the California Business and Professions Code within the statute of limitations period.

33.    The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

34.    **Numerosity.**  The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 100 members of the Class.

35.    **Typicality.**  Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

36.    **Adequacy of Representation.**  Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.  Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.

37.    **Predominance of Common Questions of Law or Fact.**  Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

A) Whether, during the Class period, Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

- 13 -

CLASS ACTION COMPLAINT

B) Whether, during the Class period, Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

C) Whether Defendant's order flow screens and post-transaction acknowledgment constitute unfair business practices in violation of the UCL under Business & Professions Code § 17200 *et seq.*;

D) Whether Defendant's order flow screens and post-transaction acknowledgment constitute false advertising in violation of the FAL under California Business & Professions Code § 17500 *et seq.*;

E) Whether Defendant's order flow screens and post-transaction acknowledgment constitute violations of the CLRA under California Civil Code § 1750 *et seq.*;

F) Whether Plaintiff and Class members are entitled to injunctive relief under Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Civil Code § 1780(a)(2);

G) Whether Plaintiff and the Class members are entitled to monetary relief insofar as the goods or services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

H) Whether Plaintiff and Class members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17203, 17535 and Cal. Civil Code § 1780(a)(3);

I) The proper formula(s) for calculating the restitution owed to Class members;

J) Whether Plaintiff and Class members are entitled to damages under Cal. Civil Code § 1780(a)(1);

K) Whether Plaintiff and the Class members are entitled to total damages of at least $1,000 in accordance with Cal. Civil Code § 1780(a)(1);

L) Whether Plaintiff and Class members are entitled to punitive damages under Cal. Civil Code § 1780(a)(4) and Cal. Civil Code § 3294(a);

M) Whether Plaintiff and Class members are entitled to any other relief that the Court deems proper in accordance with Cal. Civil Code § 1780(a)(5); and

- 14 -

CLASS ACTION COMPLAINT

N) Whether Plaintiff and Class members are entitled to attorneys' fees and costs under Cal. Civil Code § 1780(e) and California Code of Civil Procedure § 1021.5.

38. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

39. **Ascertainability.** Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

## V.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of Consumers Legal Remedies Act**

**Cal. Civ. Code § 1750 *et seq.***

**(By Plaintiff, on Plaintiff's own behalf and on behalf of the Class, against All Defendants)**

40. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

41. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods or services to any consumer. (Cal. Civ. Code § 1770(a).)

42. The practices described herein, specifically Defendant's advertising and sale of its products, were intended to result and did result in the sale of such products to the consuming public and violated and continues to violate: (i) section 1770(a)(5) of the Civil Code by "[r]epresenting that goods or services have … characteristics … that they do not have"; and (ii) section 1770(a)(9) of the Civil Code by "[a]dvertising goods … with intent not to sell them as advertised…."

- 15 -

CLASS ACTION COMPLAINT

43.    "Courts have found that violations of the ARL are actionable under CLRA subdivisions (a)(5) and (a)(9)." *Zeller v. Optavia LLC*, 2024 WL 1207461, at *6 (S.D. Cal. Mar. 14, 2024) (Sabraw, C.J.) (citing *Farmer v. BarkBox, Inc.*, 2023 WL 8522984, at *4 (C.D. Cal. Oct. 6, 2023) (holding that ARL violation was actionable under subdivision (a)(5)); *Leventhal v. Streamlabs LLC*, 2022 WL 17905111, at *4, *6-*7 (N.D. Cal. Dec. 23, 2022) (holding that ARL violation actionable under subdivisions (a)(5) and (9); and *Morrell v. WW Int'l, Inc.*, 551 F. Supp. 3d 173, 182-83 (S.D.N.Y. 2021) (same)). *Zeller* held, "Plaintiffs adequately state claims against Optavia under CLRA subdivisions (a)(5) and (a)(9), Cal. Civ. Code § 1770(a)(5), (9), predicated on Optavia's violation of the ARL…." *Zeller*, 2024 WL 1207461, at *5; *see also Zeichner v. Nord Security Inc.*, 2024 WL 4951261, at *6 (N.D. Cal. Dec. 2, 2024) (holding that allegations of ARL violations plausibly stated a CLRA claim based upon unlawful practices particularly sections 1770(a)(5) and (9)) ("Plaintiff alleges Defendants advertised their product as though it did not automatically renew without consumer consent, when in actuality, the subscription did renew, and Defendants intended as much. These alleged violations of the ARL constitute material omissions by Defendants arising from a statutorily prescribed duty."); *Price v. Synapse Group, Inc.*, 2017 WL 3131700, at *8 (S.D. Cal. July 24, 2017) ("Plaintiffs allege that Defendants advertised discounted magazine subscriptions without adequately disclosing the terms of the automatic renewal features attached to those subscriptions. Put another way, Plaintiffs allege that by not adequately disclosing the automatic renewal features tied to the subscriptions, Defendants represented that the subscriptions had a characteristic they did not have—namely, the absence of an automatic renewal feature. The Court finds these allegations sufficient to state a claim under § 1770(a)(5).") (denying motion to dismiss CLRA claim under sections 1770(a)(5) and (9)).

44.    Plaintiff is an individual who acquired, by purchase, the Product, which is a "good[]," *i.e.*, a tangible chattel bought for use primarily for personal, family, or household purposes within the meaning of Civil Code § 1761(a).

45.    "A duty to disclose a material fact can arise if … it is imposed by statute…." *Zeichner*, 2024 WL 4951261, at *6 (quoting *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 40 (2024)).  Here, the ARL imposed upon Defendant multiple duties to disclose certain material facts.  Under the ARL, Defendant owed Plaintiff a statutory duty to present automatic renewal offer terms and continuous

- 16 -

CLASS ACTION COMPLAINT

service offer terms in a clear and conspicuous manner before fulfilling the subscription or purchasing agreement in visual proximity to the request for consent to the offer under section 17602(a)(1) of the California Business and Professions Code. In addition, under the ARL, Defendant owed Plaintiff a statutory duty to provide an acknowledgment that includes automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer under California Business and Professions Code § 17602(a)(3).

46. Defendant violated the foregoing ARL requirements under subdivisions (a)(1) and (3) of section 17602 by failing to disclose key details of its cancellation policy and how to cancel in the fine print on the Website at the time of the consumer online checkout process and in its post-transaction acknowledgment. Such violations of the ARL constitute material omissions by Defendant arising from a statutorily prescribed duty.

47. In addition, Defendant's textual disclosure statements on the final order flow screen of its checkout process are misleading because they omit statutorily-required information about Defendant's cancellation policy, including how to cancel, in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity to the request for consent to the offer. In addition, Defendant's post-transaction acknowledgment is misleading because it omits statutorily-required information about Defendant's automatic renewal offer terms or continuous service offer terms including Defendant's cancellation policy and information regarding how to cancel in a manner that is capable of being retained by the consumer in a clear and conspicuous manner. Thus, the automatic-renewal process on the Website and post-transaction acknowledgment create the misleading impression that the amount paid by a consumer is a one-time charge, rather than an automatically recurring monthly charge, and, thus, are unlawful misrepresentations in violation of the CLRA. Put differently, Defendant advertised the Product as though it did not automatically renew without consumer consent even though, in actuality, the subscription to the Product did renew, which is what Defendant intended.

48. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and Class members. Said misrepresentations and concealment were done with the intention of

- 17 -

deceiving Plaintiff and Class members, and depriving Plaintiff and Class members of their rights and money.

49.    Defendant knew that the advertising of its products on the order flow screens on its Website and in its post-transaction acknowledgment were misleading, deceptive, and omitted material information.  Defendant also knew that its post-transaction acknowledgment of products advertised on its Website were misleading, deceptive, and omitted material information.

50.    Defendant's advertising of the Product was a material factor in Plaintiff's decision to purchase the Product.  Based on Defendant's advertising of the Product, Plaintiff reasonably believed that Plaintiff was making a stand-alone purchase of the Product for a one-time fee instead of an automatically renewing subscription with an automatic monthly fee.  Had Plaintiff known the truth of the matter, *i.e.*, that Defendant failed to comply with the ARL's requirements by disclosing its automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, Plaintiff would not have purchased the Product.

51.    Plaintiff and Class members have suffered injury in fact and have lost money as a result of Defendant's deceptive, unfair, and unlawful conduct.

52.    Punitive damages are also sought herein based upon Defendant's deceptive conduct, which indicates that Defendant is guilty of oppression, fraud, or malice.

53.    Prior to the commencement of this action, Plaintiff sent a letter to Defendant at its principal place of business notifying Defendant of the particular wrongdoing that violates the CLRA and demanded that Defendant appropriately correct its advertising and/or provide another appropriate remedy of the violations to the putative Class of California consumers.

54.    More than 30 days have elapsed since Plaintiff sent such demand letter to Defendant, but Defendant failed to respond by either correcting its conduct and/or otherwise providing an appropriate remedy of the violations or offering to do so within a reasonable time to the entire putative Class.

**SECOND CLAIM FOR RELIEF**

**Violation of False Advertising Law**

**Cal. Bus. & Prof. Code § 17500 *et seq*.**

**(By Plaintiff, on Plaintiff's own behalf and on behalf of the Class, against All Defendants)**

- 18 -

55.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

56.     Section 17500 of the California Business and Professions Code states in relevant part, "It is unlawful for any person, firm, corporation or association, or any employee thereof with *intent directly or indirectly to dispose of* real or *personal property* or to perform services, professional or otherwise, or anything of any nature whatsoever or *to induce the public to enter into any obligation relating thereto*, *to make or disseminate or cause to be made or disseminated before the public in this state*, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or *any advertising device*, or by public outcry or proclamation, or *in any other manner or means whatever*, *including over the Internet*, *any statement*, concerning that real or *personal property* or those services, professional or otherwise, or *concerning any circumstance or matter of fact connected with the proposed* performance or *disposition thereof, which is untrue or misleading*, *and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading*, *or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property* or those services, professional or otherwise, *so advertised at the price stated therein, or as so advertised*." (Cal. Bus. & Prof. Code § 17500) (emphasis added).

57.     By committing the acts alleged in this operative Complaint, Defendant has violated Business and Professions Code §§ 17500 *et seq*. In particular, Defendant's textual disclosure statements on the final order flow screen of its checkout process are misleading because they omit statutorily-required information about Defendant's cancellation policy, including how to cancel, in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity to the request for consent to the offer. In addition, Defendant's post-transaction acknowledgment is misleading because it omits statutorily-required information about Defendant's automatic renewal offer terms or continuous service offer terms including Defendant's cancellation policy and information regarding how to cancel in a manner that is capable of being retained by the consumer in a clear and conspicuous manner.

CLASS ACTION COMPLAINT

58.    As a direct and proximate result of Defendant's misleading order flow screens on its Website and misleading post-transaction acknowledgment, which contain omissions prohibited by the ARL, Plaintiff and members of the Class have suffered injury in fact and have lost money.

59.    Plaintiff is entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by Plaintiff under the subscription agreement or purchasing agreement.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class members, from whom they were unlawfully taken.

### THIRD CLAIM FOR RELIEF

**Violation of Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200 *et seq.***

**(By Plaintiff, on Plaintiff's own behalf and on behalf of the Class, against All Defendants)**

60.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

61.    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice, any unfair, deceptive, untrue or misleading advertising, and any act prohibited by the FAL.  Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

62.    During the Class period, Defendant committed unlawful business acts or practices as defined by the UCL by violating sections 17601 and 17602 of the California Business and Professions Code.

63.    As a direct and proximate result of Defendant's deceptive, unfair, and unlawful acts or practices described herein, including its misleading and incomplete order flow screens on its Website and misleading and incomplete post-transaction acknowledgment, Plaintiff and members of the Class have suffered injury in fact and have lost money.

64.    Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff in the form of payments made for the insufficiently disclosed subscription

- 20 -

agreement by Plaintiff. Defendant has profited from its unlawful acts or practices in the amount of those business expenses and interest accrued thereon.

65.    Plaintiff is entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Plaintiff under the subscription agreement.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class members, from whom they were unlawfully taken.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.  For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;

b.  For all available declaratory, legal, and equitable relief including injunctive relief;

c.  For statutory damages;

d.  For punitive damages;

e.  For attorneys' fees and costs as allowed by law; and

f.  For any and all other relief at law or equity that may be appropriate.

Dated:  February 11, 2026                    PACIFIC TRIAL ATTORNEYS, APC


By:_____
Scott J. Ferrell
Attorneys for Plaintiff and the Proposed Class

- 21 -

CLASS ACTION COMPLAINT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W. Broadway | |
| MAILING ADDRESS: 330 W. Broadway | |
| CITY AND ZIP CODE: San Diego, 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: 619-450-7063 | |

| PLAINTIFF(S) / PETITIONER(S): Luis Licea |
|---|

| DEFENDANT(S) / RESPONDENT(S): Laird Superfood Inc |
|---|

| LICEA VS LAIRD SUPERFOOD INC |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 26CU008462C |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: KATHERINE A. BACAL                    Department: C-63

**COMPLAINT/PETITION FILED:** 02/11/2026

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 07/24/2026 | 10:00 AM | C-63 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:**. The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 26CU008462C                    CASE TITLE: Licea vs Laird Superfood Inc

**NOTICE**: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference**:  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:    330 W. Broadway | |
| MAILING ADDRESS:    330 W. Broadway | |
| CITY AND ZIP CODE:    San Diego, 92101 | |
| BRANCH NAME:    Central | |

PLAINTIFF(S):  Luis Licea

DEFENDANT(S):  Laird Superfood Inc

SHORT TITLE: LICEA VS LAIRD SUPERFOOD INC

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>26CU008462C |
|---|---|

Judge:  KATHERINE A. BACAL                              Department:  C-63

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                              Date: _____

Name of Plaintiff _____                              Name of Defendant _____

Signature _____                              Signature _____

Name of Plaintiff's Attorney _____                              Name of Defendant's Attorney _____

Signature _____                              Signature _____

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/18/2026

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev. 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page 1